UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HOLLY H. ARPINO,
    Plaintiff,

v.

TOWN OF WATERFORD, CT,
WATERFORD POLICE CHIEF BRETT MAHONEY, in his Official Capacity,
WATERFORD POLICE DETECTIVE ERIC FREDRICKS, in his Official Capacity,
and
BRIAN JEFFREY RAYMOND,
  in his Official Capacity, and
  in his Individual Capacity,
    Defendants

Civil No. 3:23-cv-00856, (JAM)
*(SEALED)*

AUG 28 2023 PM 4:00
FILED-USDC-CT-NEW HAVEN

AUGUST 28, 2023

## AMENDED COMPLAINT

Plaintiff Holly H. Arpino hereby submits this Amended Complaint, which corrects certain defects in the original filing, as well as defects in the named parties; specifically, she names the Town of Waterford, CT and the former

p. 1

Waterford, CT Police Chief Brett Mahoney, in his Official Capacity in place of the errant "Waterford Police"; and gives a corrected spelling of Detective Eric Fredricks, as Defendants. (HA) Plaintiff adds an additional Defendant, Brian Jeffrey Raymond, in his Official Capacity as a former First Secretary, Central Intelligence Agency, and in his Individual Capacity, as well.

Plaintiff Holly H. Arpino brings suit under Section § 1983, and alleges violations of her Constitutional rights as delineated in Amendments Eight, Thirteen, and Fourteen. (The Court will kindly note that Plaintiff is attempting to separately bring suit, alleging violations of Amendments Four, Five, and Six; that related case is Civil No. 3:23-00858).

## Background

During the weekend of June 18 - June 20, 2021,

Plaintiff Alpine was sexually assaulted, after having twice (H.A.) been rendered unconscious, in the ~~Hospital~~ Waterford, CT.
She reports this to the Waterford Police at approximately 7:30 am, on Jan. 21, 2023, and they responded Waterford pp
Sometime around 8am. Several officers and Defendant Detective Eric Fredricks arrived and commenced a preliminary investigation. Plaintiff was transported — not by ambulance — but by an "Uber." (ordered and paid for by Safe Futures, a women's "Domestic violence / sexual assault" non-profit) to L+M Hospital (Lawrence + Memorial Hospital), in New London, CT. There, she was subjected to a traumatic Rape kit exam, which lasted close to six hours.

FACTUAL AVERMENTS
                Defendant

1. Waterford Police Detective Eric Fredricks insisted
that Plaintiff Holly H. Alpine be ~~returned~~ at presumed
L+M Hospital — in spite of her stated

objections, explaining "We have a good working relationship with L+M";

2. During the course of the ten-part forensic victim exam, Detective Fredricks TWICE Knocked on the examination room door;

3. Defendant Detective Fredricks, in spite of being aware that Plaintiff Arpino was so indisposed, made an attempt to <u>enter</u> the room (after the door had been opened by the nurse), and was reprimanded by this nurse, who told him "You can't be in here";

4. Plaintiff's identity was confirmed when she presented her CT Driver's License to the Waterford Police officers, when they had arrived to respond to her call for help;

5. Unbeknownst to Plaintiff, there was a PRAWN

p. 4

paperless re-arrest "warrant," but during the course of the entire day — from Plaintiff's initial contact with Waterford Police, at approx. 8am — until the end of the examination at the hospital — no Waterford Police officer informed her of this re-arrest warrant;

6. Defendant Detective Fredericks purposely withheld this information from Plaintiff, as he had ample opportunity throughout the day to timely inform her;

7. Plaintiff arrived (approx 6pm) back at the Springhill Suites, the hotel where she had been staying (and where she had been sexually assaulted), and did notice the likely suspect — who she had named to the Waterford Police — milling about the lobby;

8. Plaintiff called the Waterford Police, and asked if Detective Fredericks was on duty; she was told he was not; she indicated that she sought their help;

9. Approximately sixty-seconds later, the Waterford Police arrived at her hotel room, and the two officers (unknown names) asked her, "Do you

p. 5

there is a warrant for your arrest, for a failure To Appear?" (paraphrased);

10. Plaintiff indicated that she was not aware of any such warrant;

11. Plaintiff had been instructed by Safe Futures that she was "being evicted" from the hotel room (which they had paid for, as a women's shelter non-profit); the two Waterford officers and a Safe Futures employee helped her pack her belongings into her truck;

12. ~~Defendant~~ Plaintiff was informed that she needed to be booked and processed at the Waterford Police complex, and, that if she had $100 (standard City 10% of bond set at $1000), she would be given a court date, and would be free to go.

13. Plaintiff was unable to produce the $100; had she been timely informed, she could have easily

p. 6

Df. p. 7

obtained a pawn-shop loan, using her guitar and amplifier as collateral;

14. Plaintiff was forced to spend the night in the Watford lock-up;

15. During the booking process, the Watford Police seemed particularly interested in Plaintiff's weight;

16. Plaintiff was offered a "TV dinner," which she initially declined; she had to a few small snacks (from her purse) hus;

17. Around 11 pm that evening, Plaintiff decided that she had to eat something, so she indicated that she would have the TV Dinner; she had not eaten anything substantial for several days, having been too upset;

18. A Watford Police officer indicated that he would prepare the dinner (via microwave oven), but had to wait until the staff change to do so;

19. Around midnight, the same officer provided

the afternoon on TV Dinner." ("Salisbury Steak");

20. Plaintiff consumed this meal;

21. In spite of the bright lights in the building and when she had been placed, Plaintiff almost immediately fell asleep. She did notice the what seemed to be an excessive clanging of metal doors, which were audible, though inaudible distance from where she was situated.

22. There was no clock to indicate the time;

23. Plaintiff estimates that she fell into a very deep sleep of approximately 1 am (or June 22, 2021)

24. Plaintiff estimates that she awakened at approximately 5 am;

25. Plaintiff experienced vaginal soreness, but initially attributed this to the sexual assault(s) which she had reported on June 21, 2021;

p. 8

26. Plaintiff has cause to believe that several Waterford Police Officers sexually assaulted her while in their custody, at their facility, and that the meal which she was provided was laced with a Central nervous system depressant to facilitate these sexual assaults, as she was rendered unconscious;

27. Plaintiff contends a violation, of CT General Statute 53a-60(4); a second degree assault whereby she was rendered unconscious via administration of a drug without her consent;

28. Plaintiff contends that (unknown) members of the Waterford Police perpetrated the crime of Aggravated Sexual Assault, in the First Degree, CT Gen. Stat. 53a-70(a)4;

29. Plaintiff also contends that the Waterford Police violated 18 USC § 1462,

p. 9

Transportation of obscene materials, via electronic devices (including cell phones), wherein they distributed video of these sexual assaults of Plaintiff amongst themselves and across the Internet;

30. Defendants Town of Waterford & Waterford Police, did engage in a violation of 18 USC 241, conspiracy of rights against citizens; and

31) a violation of 18 USC 242 - Deprivation of rights under color of law;

32) Plaintiff suffered a substantial due process violation, where her right to NOT BE SEXUALLY ASSAULTED while in custody was violated egregiously, under color of law, by Defendants (fourteenth Amendment);

33) Defendant Brian Jeffrey Raymond was present and participated in these sexual

p. 10

assaults;

34) Paragraphs 1-33 are interpreted as if now fully rendered, as violations by Brian Jeffery Raymond;

35) Additionally, as a federal employee abusing his vested powers, Mr. Raymond is in violation of:

36) 18 USC 2241 – Aggravated Sexual Abuse, (b)(1)(2)(4)(3)

37) 18 USC 2242 (2)(B) –Sexual Abuse; and

38) 18 USC 2244 – Abusive Sexual Contact;

39) Defendants collectively subjected Plaintiff to an atrocious abuse, with willful intent to inflict a cruel and unusual punishment, in violation of her Eighth Amendment rights;

40) Defendants collectively conspired to render Plaintiff unconscious, and the incapacitated

for a period of approximately four hours, so that she would be of "use" to them— for their unlawful sexual gratification; she was made into a RAGDOLL SLAVE, in gross violation of the Thirteenth Amendment prohibition against slavery and indentured servitude;

41) One or more Defendants PROFITED FINACIALLY from the distribution and sale of the video material of these sexual assaults;

42) Chief Mahoney orchestrated a blatant cover-up of these crimes.

## Damages

- Plaintiff seeks compensatory and punitive damages in accordance with precedent.

Respectfully submitted, on this day, August 28, 2023,
BY PLAINTIFF,

H. A.

Holly H. Aspin
P.O. Box 444
Madison, CT 06443
(860) 625-2724